## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BERTRAM L. WILSON, JR.,    )
    )
        Plaintiff,   )
    )
vs.    )    Case No. 16-1153-JTM-KGG
    )
WICHITA STATE UNIVERSITY,    )
*et al.*,    )
    )
        Defendant.  )
    )

## MEMORANDUM & ORDER ON
## MOTION TO PROCEED WITHOUT PREPAYMENT OF FEES
## AND MOTION TO APPOINT COUNSEL,
## AND REPORT & RECOMMENDATION FOR DISMISSAL

In conjunction with his federal court Complaint alleging violations of his

civil rights (Doc. 1), Plaintiff Bertram L. Wilson, Jr. has filed a Motion to Proceed

Without Prepayment of Fees (*IFP* Application, Doc. 3, sealed), with an

accompanying Affidavit of Financial Status (Doc. 3-1, sealed) and a Motion to

Appoint Counsel (Doc. 4.).  Having reviewed Plaintiff's motions, as well as his

financial affidavit and Complaint, the Court **GRANTS** Plaintiff's motion for *IFP*

status but **DENIES** Plaintiff's motion for counsel, as more fully set forth herein.

The Court also **recommends** to the District Court that Plaintiff's claims be

**DISMISSED** for failure to state a claim upon which relief may be granted.

**I.**       **Motion to Proceed Without Prepayment of Fees.**

Under 28 U.S.C. § 1915(a), a federal court may authorize commencement of an action without prepayment of fees, costs, etc., by a person who lacks financial means.  28 U.S.C. § 1915(a).  In so doing, the court considers the affidavit of financial status included with the application.  *See id.*

There is a liberal policy toward permitting proceedings *in forma pauperis* when necessary to ensure that the courts are available to all citizens, not just those who can afford to pay.  *See generally,* **Yellen v. Cooper**, 828 F.2d 1471 (10th Cir. 1987).  In construing the application and affidavit, courts generally seek to compare an applicant's monthly expenses to monthly income.  *See* **Patillo v. N. Am. Van Lines, Inc**., No. 02-2162, 2002 WL 1162684, at *1 (D.Kan. Apr. 15, 2002); **Webb v. Cessna Aircraft**, No. 00-2229, 2000 WL 1025575, at *1 (D.Kan. July 17, 2000) (denying motion because "Plaintiff is employed, with monthly income exceeding her monthly expenses by approximately $600.00").

In his supporting financial affidavit, Plaintiff indicates he is 56 years old and single, with no dependents.  (Doc. 3-1, sealed, at 1-2.)  Plaintiff is currently employed by the Wichita public school district as a substitute teacher making a modest wage.  (Doc. 3-1, sealed, at 2.)  He does not own real property and does not own an automobile.  (*Id*., at 3-4.)  He lists a typical rent payment as well as reasonable monthly expenses for groceries and telephone.  (*Id*., at 5.)  He lists a

2

very small amount of cash and no other liquid assets.  (Doc. 3-1, sealed, at 4.)  He

has not filed for bankruptcy.  (Doc. 3-2, sealed, at 6.)

Considering all of the information contained in the financial affidavit, the

Court finds that Plaintiff has established that his access to the Court would be

significantly limited absent the ability to file this action without payment of fees

and costs.  The Court **GRANTS** Plaintiff leave to proceed *in forma pauperis* and

directs that this case be filed without payment of a filing fee.

## II.    Motion to Appoint Counsel.

The Tenth Circuit has identified four factors to be considered when a court is

deciding whether to appoint counsel for an individual:  (1) plaintiff's ability to

afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of

plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without

the aid of counsel.  *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985)

(listing factors applicable to applications under the IFP statute); *Castner v.*

*Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992) (listing

factors applicable to applications under Title VII).  Thoughtful and prudent use of

the appointment power is necessary so that willing counsel may be located without

the need to make coercive appointments.  The indiscriminate appointment of

volunteer counsel to undeserving claims will waste a precious resource and may

discourage attorneys from donating their time. *Castner,* 979 F.2d at 1421.

The Court finds that Plaintiff cannot afford counsel given his current financial situation, satisfying the first *Castner* factor. As for the second *Castner* factor, this Court finds that Plaintiff has established that he engaged in the requisite diligent search for counsel. (*See* Doc. 4.) Even so, Plaintiff does not satisfy the third or fourth factors.

As discussed below, the Court has concerns regarding the viability of Plaintiff's claims in federal court. As such, the third *Castner* factor, the merits of Plaintiff's claims, weighs against the appointment of counsel.

In considering the fourth *Castner* factor, Plaintiff's ability to represent himself, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.*, at 1422. The Court notes that the factual and legal issues in this case are not unusually complex. *Cf. **Kayhill v. Unified Govern. of Wyandotte***, 197 F.R.D. 454, 458 (D.Kan. 2000) (finding that the "factual and legal issues" in a case involving a former employee's allegations of race, religion, sex, national origin, and disability discrimination were "not complex"). Further, although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.

The Court sees no basis to distinguish Plaintiff from the many other untrained individuals and inmates who represent themselves *pro se* in Courts throughout the United States on any given day.  Although Plaintiff is not trained as an attorney, and while an attorney might present his case more effectively, this fact alone does not warrant appointment of counsel.  Plaintiff's motion for counsel (Doc. 6) is **DENIED** on this basis.  The Court will now address the deficiencies of Plaintiff's Complaint.

### III.    Sufficiency of Complaint and Recommendation for Dismissal.

Pursuant to 28 U.S.C. §1915(e)(2), a court "shall dismiss" an *in forma pauperis* case "at any time if the court determines that . . . the action or appeal – (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  "When a plaintiff is proceeding *in forma pauperis*, a court has a duty to review the complaint to ensure a proper balance between these competing interests."  *Mitchell v. Deseret Health Care Facility*, No. 13-1360-RDR-KGG, 2013 WL 5797609, at *1 (D. Kan. Sept. 30, 2013).  The purpose of § 1915(e) is "the prevention of abusive or capricious litigation."  *Harris v. Campbell*, 804 F.Supp. 153, 155 (D.Kan. 1992) (internal citation omitted) (discussing similar language contained in § 1915(d), prior to the 1996 amendment).  *Sua sponte*

dismissal under § 1915 is proper when the complaint clearly appears frivolous or malicious on its face.  ***Hall v. Bellmon***, 935 F.2d 1106, 1108 (10th Cir. 1991).

In determining whether dismissal is appropriate under § 1915(e)(2)(B), a plaintiff's complaint will be analyzed by the Court under the same sufficiency standard as a Rule 12(b)(6) Motion to Dismiss.  *See **Kay v. Bemis***, 500 F.3d 1214, 1217-18 (10th Cir. 2007).   In making this analysis, the Court will accept as true all well-pleaded facts and will draw all reasonable inferences from those facts in favor of the plaintiff.  *See **Moore v. Guthrie***, 438 F.3d 1036, 1039 (10th Cir.2006).  The Court will also liberally construe the pleadings of a *pro se* plaintiff.  *See **Jackson v. Integra Inc.***, 952 F.2d 1260, 1261 (10th Cir.1991).

This does not mean, however, that the Court must become an advocate for the *pro se* plaintiff.  ***Hall***, 935 F.2d at 1110; *see also **Haines v. Kerner***, 404 U.S. 519, 92 S.Ct. 594 (1972).  Liberally construing a *pro se* plaintiff's complaint means that "if the court can reasonably read the pleadings to state a valid claim on which the plaintiff could prevail, it should do so despite the plaintiff's failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements."  ***Hall***, 935 F.2d at 1110.

A complaint "must set forth the grounds of plaintiff's entitlement to relief

6

through more than labels, conclusions and a formulaic recitation of the elements of

a cause of action." *Fisher v. Lynch*, 531 F. Supp.2d 1253, 1260 (D. Kan. Jan. 22,

2008) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S.Ct. 1955,

1964-65, 167 L.Ed.2d 929 (2007), and *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th

Cir.1991) (holding that a plaintiff need not precisely state each element, but must

plead minimal factual allegations on those material elements that must be proved)).

"In other words, plaintiff must allege sufficient facts to state a claim which is

plausible – rather than merely conceivable – on its face." *Fisher*, 531 F. Supp.2d

at 1260 (citing *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. at 1974).   Factual

allegations in the complaint must be enough to raise a right to relief "above the

speculative level." *Kay v. Bemis*, 500 F.3d at 1218 (citing *Bell Atlantic Corp. v.*

*Twombly*, 127 S.Ct. At 1965).

While a complaint generally need not plead detailed facts, Fed.R.Civ.P. 8(a),

it must give the defendant sufficient notice of the claims asserted by the plaintiff so

that they can provide an appropriate answer. *Monroe v. Owens*, Nos. 01-1186, 01-

1189, 01-1207, 2002 WL 437964 (10th Cir. Mar. 21, 2002).  Rule 8(a) requires

three minimal pieces of information in order to provide such notice to the

defendant: (1) the pleading should contain a short and plain statement of the claim

showing the pleader is entitled to relief; (2) a short and plain statement of the

grounds upon which the court's jurisdiction depends; and (3) the relief requested.

Fed. R. Civ. P. 8(a).  After reviewing Plaintiff's Complaint and construing the

allegations liberally, if the Court finds that he has failed to state a claim upon

which relief may be granted, the Court is compelled to recommend that the action

be dismissed.

Plaintiff alleges violations of his civil rights relating, in part, to his expulsion

from the Wichita State University library.  (*See* Doc. 1.)  Simply stated, the Court

cannot glean a comprehensible federal court cause of action upon which relief may

be granted from the facts alleged in Plaintiff's Complaint.  The Court is unaware of

a federal claim resulting from an individual being removed from a building on a

public university campus as a result of complaints and/or "concern for the 'safety

of university employees, and students'" as alleged by Plaintiff.  The Court finds

that Plaintiff has failed to state a claim on which relief may be granted and thus

**recommends** to the District Court that the case be **DISMISSED**.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for *IFP* status

(Doc. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of

counsel (Doc. 4) is **DENIED**.

**IT IS RECOMMENDED** to the District Court that Plaintiff's Complaint be

**DISMISSED** for the failure to state a claim on which relief may be granted.  The

Clerk's office shall not proceed to issue summons in this case at the present time.

**IT IS THEREFORE ORDERED** that a copy of the recommendation shall

be sent to Plaintiff *via* certified mail.  Pursuant to 28 U.S.C. §636(b)(1),

Fed.R.Civ.P. 72, and D.Kan. Rule 72.1.4, Plaintiff shall have **fourteen (14) days**

after service of a copy of these proposed findings and recommendations to serve

and file with the U.S. District Judge assigned to the case, his written objections to

the findings of fact, conclusions of law, or recommendations of the undersigned

Magistrate Judge.  Plaintiff's failure to file such written, specific objections within

the 14-day period will bar appellate review of the proposed findings of fact,

conclusions of law, and the recommended disposition.

**IT IS SO ORDERED AND RECOMMENDED**.

Dated at Wichita, Kansas, on this 21ˢᵗ day of June, 2016.

         S/ KENNETH G. GALE
         KENNETH G. GALE
         United States Magistrate Judge