IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BERTRAM L. WILSON, JR.,

    Plaintiff,

vs.                                Case No. 16-1153-JTM

WICHITA STATE UNIVERSITY, *et al.*,

    Defendants.

MEMORANDUM AND ORDER

After being ejected from the Wichita State University library, plaintiff Bertram Wilson brought this lawsuit against WSU, its Vice President for Student Affairs, a librarian, two WSU police officers, and the General Counsel of the university. WSU requires that former students, such as Wilson, have a current research card to enter the library. Wilson alleges that after his card expired, officers removed him from the library on March 11, 2014. He was again excluded three days later, and alleges that a no-trespass order was issued. Wilson complains the librarian did not respond to his emails about the research card, and that WSU's general counsel subsequently sent him a letter indicating he agreed with the no-trespass order. Wilson's May 26, 2016 *pro se* complaint seeks $5 million in damages for the alleged psychological stress and mental anguish caused by his ejection from the library. Adopting the Report and Recommendation issued by the Magistrate Judge, the court on

July 27, 2016 dismissed the complaint for failure to state a claim.

On appeal, the Tenth Circuit found that Wilson's Complaint presented two potential Fourteenth Amendment claims — an equal protection claim that he had been treated differently from other library patrons, and a procedural due process claim for failing to reissue his card. As to the former, the court agreed that "Wilson states no viable equal protection claim" (Dkt. 16, at 4). The court noted the university setting, and observed that "[i]n the context of equal-protection claims, university officials act within their proper role in making policies protecting the safety of students, faculty, or other citizens." (Dkt. 16, at 5). However, the court could not conclude that

> allowing Wilson to amend his procedural-due-process allegations would be futile. Wilson might be able to show that the university has a policy on library usage that creates a property interest. If the university's policy is to issue cards unless certain rules are violated, that self-restriction on the University's discretion could create a due-process property interest.

*Id.* Citing *Brown v. Eppler*, 725 F.3d 1221, 1226-27 (10th Cir. 2013), the court observed that a property interest may arise "[i]f regulations mandate a certain result so long as certain rules are followed." *Id.*

On remand, Wilson has failed to file any amended complaint. He did file a "Case Review and Update." (Dkt. 30.). In this document, Wilson writes that WSU's research card policy

> facilitated arbitrary distinctions, as based on economic background, standing and other attributes, through decisions to issue and reissue or not and when to do this, the policy was applied by arbitrary means, to differentiate, instigate problems, and exclude from the premises, a library patron felt to be in contrast to property and material interests of the university, and to hold

> related beliefs, the property interests, (evidenced in the user of the research policy), became inordinate to the use of the facility for study and research as a public institution.

*Id.* at 2.

The defendants subsequently moved to dismiss the action, arguing that WSU and its agents operating in their official capacity are protected from liability by the Eleventh Amendment. To the extent Wilson might be seeking recovery against the named defendants for actions in their individual capacities, the defendants argue that they are qualifiedly immune.[1]

Wilson then filed another "Case Review and Update" (Dkt. 36, at 2) which essentially repeats his earlier pleading of the same name, adding only that the defendants' motion is "based on unsubstantiated premises," and that the defendants have not provided "any evidence of infraction by the plaintiff."

The court will grant the Motion to Dismiss. The plaintiff's Case Updates have done nothing to allege that the University requires that its librarians issue research cards except where an applicant has violated University rules, or otherwise constrained their discretion. *See Brown v. Eppler*, 725 F.3d at 1226-27 ("when analyzing whether a protected interest exists, [the court] focuses on whether there are 'specific directives *to the decisionmaker* that if the regulations' substantive predicates are present, a particular outcome must follow'"

---

[1] The defendants also argue (Dkt. 35, at 10-11) that Wilson's Case Update should not be considered as an Amended Complaint, as it was filed without leave of court, in violation of Fed.R.Civ.Pr. 15(a)(2). No such leave was obtained, but the court will treat the pleading as an amended complaint in light of Wilson's *pro se* status.

(quoting and adding emphasis to *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989))). Wilson's allegations simply repeat formulaic allegations of an arbitrary denial of library card privileges, coupled with repetition of his dismissed equal protection claim that the policy permits denials based on "economic background, standing and other attributes."

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic v. Twombly*, 550 U.S. 544, 555 (2007) (quotations and citations omitted). And the generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). The court need not accept "mere conclusions characterizing pleaded facts," *Bryson v. City of Edmond*, 905 F.2d 1386, 1390 (10th Cir. 1990), and "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

Even assuming Wilson presented a claim for deprivation of due process, he has provided no response to the defendants' arguments presented in their motion to dismiss. Wilson's claims against the university and its agents acting in their official capacities are barred by the Eleventh Amendment. *See Edelman v. Jordan*, 415 U.S. 651, 663 (1974), *Pennhurst State School & Hospital v. Halderman*, 465 U.S. 89 (1984); *Isham v. Wilcox*, 2001 WL 505235, at *1 (10th Cir. May 14, 2001). To the extent he advances claims against the named

defendants in their individual capacities, those defendants enjoy qualified immunity for their actions in removing Wilson. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). And to the extent Wilson seeks revocation of the no-trespass order, the defendants argue that the order expired on March 17, 2016, before he filed the present action, and the matter is thus moot. Wilson has failed make many response at all to defendants' arguments, which the court grants for good cause shown and pursuant to D.Kan.R. 7.4.

IT IS ACCORDINGLY ORDERED this 13th day of April, 2017, that the defendants' Motion to Dismiss (Dkt. 34) is hereby granted.

    s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE